MR. JUSTICE SHEA,
dissenting:
I agree generally with the views of Justice Morrison expressed in his dissent, and also in general with the views of Judge Keedy. I also add my own views in dissenting from the majority opinion stripping the Public Service Commission of its implied powers to maintain the status quo until a decision on the question of subject matter jurisdiction has been made.
The majority decision on the issues raised is baffling. In deciding issue 1, the contention that the Commission could not issue the restraint without notice and hearing to the power company, the majority impliedly holds that the Commission does have the power to issue an order of restraint if it complied with the procedural safeguards of notice and hearing. For if the Commission could not issue a temporary order of restraint, notice and hearing would be an idle act. But then the majority decides just the opposite on issue 2, the question of whether the Commission does have authority to issue a temporary order of restraint. Here the majority holds that the Commission has no such authority. If that is the case then any notice or hearing given pursuant to an assumption that the Commission had the authority would be an idle act indeed. The majority’s ruling on issue 2 means that the Commission, once it gave notice and had a hearing, could not follow through with an order of restraint. And to further confuse the issues, on issue 3 the question of whether the Commission had subject matter jurisdiction to approve or disapprove the proposed reorganization, the majority has, by invoking the rule that an administrative agency should first be given the opportunity to rule on its own jurisdiction, has declined to rule. The result is administrative chaos.
The majority decision leaves the Public Service Commission stripped of authority to maintain the status quo pending its decision of whether it has subject matter jurisdic *389 tion. The horse may well be out of the barn if the Commission later rules it has subject matter jurisdiction and enters an order prohibiting the reorganization. The majority suggests that the proper avenue for the Commission is to go to court and obtain a temporary restraining order. But, as Justice Morrison points out, the Commission can go to court to obtain a restraining order only if one of the parties under its jurisdiction refuses to obey its order. Here the Montana Power Company obeyed the order of restraint but at the same time challenged that order in court. Had the Montana Power Company proceeded with its reorganization efforts in violation of the Commission’s order, then the Commission could have gone to court to obtain a temporary restraining order.
If this Court refuses to rule on the primary question of whether the Public Service Commission has subject matter jurisdiction, but instead leaves the matter initially for the decision of the Public Service Commission, then the Commission should not at the same time be stripped of the means for maintaining the status quo before it reaches its decision. But that is precisely what has happened here.
The Public Service Commission has at least temporarily assumed jurisdiction over the question of whether it has the authority to approve of or disapprove the proposed reorganization. To effectuate this temporary assumption of jurisdiction it has told the Montana Power Company not to reorganize until the Commission has investigated the effect of the reorganization on the rate making and regulatory process. Because this Court has refused to rule on the question of subject matter jurisdiction, we must at this point assume that the Public Service Commission does have that jurisdiction and that it has simply taken the steps to maintain the status quo pending its investigation. This Court should not at this juncture, strip the Public Service Commission of the means of maintaining the status quo pending the outcome of its investigation. The powers of the Commission to maintain the status quo must of necessity be implied if the Com *390 mission is to have meaningful regulatory powers.
Because the Commission’s order is simply one of maintaining the status quo pending its investigation and final determination, which includes a question of whether the Commission will hold that it has subject matter jurisdiction, I fail to see how the Montana Power Company had a right to notice and hearing before the order maintaining the status quo was issued. The Commission does not have jurisdiction over the Montana Power Company on a case by case basis. Rather, it has continuing jurisdiction over the Montana Power Company in administering the regulatory process, and this act was simply one of continuing this jurisdiction. Furthermore, I fail to see any harm to the Montana Power Company because of this claimed failure to give notice and an opportunity to be heard. It has participated fully in all proceedings before the Commission.
From the time the Commission issued the order maintaining the status quo until the present time, the Montana Power Company has been fully participating in the Commission’s investigation, and has apparently been fully cooperating with the Commission. Surely the Montana Power Company has availed itself of every opportunity to let its views be known to the Commission.
Based on these views, I would affirm the order of the trial court and let the Public Service Commission’s order remain in effect at least until it has decided for itself the question of whether it has subject matter jurisdiction. If the Commission rules it does have subject matter jurisdiction, and if the Commission further rules that the Montana Power Company cannot reorganize, I have no doubt that the case will once again thread its way through the court system. But I would wait for that to happen and not in the meantime deprive the Commission of its implied authority to maintain the status quo before it reaches a decision on the question of subject matter jurisdiction.
Despite my views on the issues, it appears now that by the majority opinion, the Public Service Commission will be *391 compelled to file an action in District Court asking for a temporary restraining order to remain in effect pending the Commission’s ruling. This approach, however, will only bog down the process, for any aggrieved party could appeal to this Court from any action that the District Court might take.